# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:15-cv-00067-MR
# [CRIMINAL CASE NO. 1:01-cr-00052-MR-14

| | |
|---|---|
| ROBERT LIONEL SISK, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on an initial review of Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence, which is filed pursuant to 28 U.S.C. § 2255, and his alternative claims for relief. [Doc. 1].

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Petitioner has already filed an unsuccessful § 2255 motion, see Civil Case No. 1:05-cv-00312-MR, and he has provided no evidence that he has obtained the necessary authorization to file this second § 2255 motion in which he challenges the same judgment. Accordingly, Petitioner's motion will be dismissed a successive petition.

Petitioner also asserts alternative claims for relief under the All Writs Act, 28 U.S.C. § 1651. These alternative claims for relief are without merit. *Coram nobis* relief is not available because Petitioner is still in custody. See Carlisle v. United States, 517 U.S. 416, 428-29 (1996). Relief through a petition of *audita querela* is improper because Petitioner could file an application with the Fourth Circuit to present a successive § 2255 motion; thus, relief under § 2255 is not unavailable. See In re Moore, 487 App'x 109 (4th Cir. 2012) (unpublished) (internal citations omitted).

Based on the foregoing, the Court finds that it is without jurisdiction to consider the merits of the present Section 2255 motion and it will be dismissed. See, e.g., In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc); United States v. Winestock, 340 F.3d 200, 205 (2003). Further,

2

Petitioner's alternative claims under the All Writs Act are without merit and will be denied.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** as a successive petition.

**IT IS FURTHER ORDERED** that Petitioner's claims for relief under the All Writs Act, 28 U.S.C. § 1651, are **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

The Clerk is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: April 17, 2015

Martin Reidinger
United States District Judge