THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:15-cv-00067-MR
CIVIL CASE NO. 1:05-cv-00312-MR
[Criminal Case No. 1:01-cr-00052-MR-14]

| | | |
|---|---|---|
| ROBERT LIONEL SISK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Petitioner's "Supplement to Motion to Vacate and Motion to Amend" [Civil Case No. 1:05-cv-00312-MR, Doc. 38; Civil Case No. 1:15-cv-00067-MR, Doc. 5] and the Petitioner's Motion for Declaratory Judgment [Civil Case No. 1:15-cv-00067-MR, Doc. 6].

The Petitioner has filed two motions to vacate pursuant to 28 U.S.C. § 2255, both of which have been denied. [See Civil Case No. 1:05-cv-00312-MR, Doc. 14; Civil Case No. 1:15-cv-00067-MR, Doc. 3]. The Petitioner now moves to supplement and amend his motions to vacate to assert

additional claims. He further moves for a declaratory judgment in Civil Case No. 1:15-cv-00067-MR.

A "district court may not grant [a] post-judgment motion [to amend] unless the judgment is vacated pursuant to Rule 59(e) or Fed. R. Civ. P. 60(b)." Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006). The judgments denying the Petitioner § 2255 relief have not been vacated, and therefore, his motion to amend his petitions must be denied.

To the extent that the Petitioner seeks to assert new claims pursuant to § 2255, his motion is subject to dismissal as a successive application. United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003) ("a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application.").

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), as codified in 28 U.S.C. § 2255, provides that a "prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The AEDPA, however, provides a specific limitation on a prisoner's ability to bring a second, or successive motion under § 2255. Specifically, the AEDPA provides, in pertinent part, as follows:

> A second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The Petitioner has not provided any evidence that he has secured authorization from the Fourth Circuit to file a successive § 2255 motion. Therefore, this Court is without jurisdiction to consider the merits of the present Section 2255 motion and it will be dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the

correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

(1) Petitioner's "Supplement to Motion to Vacate and Motion to Amend" [Civil Case No. 1:05-cv-00312-MR, Doc. 38; Civil Case No. 1:15-cv-00067-MR, Doc. 5] is **DENIED**;

(2) Petitioner's Motion for Declaratory Judgment [Civil Case No. 1:15-cv-00067-MR, Doc. 6] is **DENIED**; and

(3) Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge